IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DALE ORTIZ,

    Plaintiff,

vs.                                                                           1:18-cv-00159-MV-GBW

ABIGAIL P. ARAGON, *Judge,*
THOMAS A CLAYTON, *Prosecutor*, AND
ARTHUR B. BUSTOS, *Defense Counsel*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's *Pro Se* Civil Rights Complaint (Doc. 1). Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis.* He asserts 42 U.S.C. Section 1983 claims against the judge, prosecutor, and defense counsel who were involved in his state criminal case. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915, the Court concludes that Plaintiff cannot successfully sue those individuals. The Court therefore must dismiss the Complaint with prejudice.

## **Background**

In 2014, Plaintiff pled guilty to child abuse and aggravated assault against a household member in New Mexico's Fourth Judicial District Court (Case No. D-412-CR-2014-0134). *See* Doc. 1 at 8, 11. The state court sentenced him to four and a half years imprisonment. *Id.* at 9, 12. Plaintiff alleges that District Attorney Thomas Clayton knowingly used false information to obtain a conviction. *Id.* at 2. Plaintiff further alleges that Judge Abigail Aragon and defense counsel Arthur Bustos failed to correct the false information. *Id.* at 1-3. The Complaint raises claims under 42 U.S.C. Section 1983. *Id.* at 1. Plaintiff seeks damages equal to $1,800 for each day of

incarceration and $150 per year for lost wages. *Id.* at 6. He also asks the Court to prosecute Defendants and vacate the conviction. *Id.*

**Standards Governing Initial Review**

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under Section 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.*

**Analysis**

"A cause of action under section 1983 requires the deprivation of a civil right by a [qualifying] 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d

2

1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, Plaintiff's complaint does not state a cognizable constitutional claim. Judge Aragon is absolutely immune from a civil rights suit based on actions taken in her judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[I]mmunity applies even when the judge is accused of acting maliciously and corruptly." *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). The only exception is when a judge "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). As a state District Judge, Judge Aragon had jurisdiction over the state criminal proceeding, notwithstanding any allegations of wrongdoing. Consequently, Plaintiff cannot sue Judge Aragon.

The claims against District Attorney Clayton fail for similar reasons. District attorneys are entitled to absolute immunity in Section 1983 suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). "[I]nitiating and pursuing a criminal prosecution" constitute "activities which are intimately associated with the judicial process." *Snell*, 920 F.2d 686 (10th Cir. 1990) (quotations omitted). Immunity attaches to these activities even where, as here, the plaintiff alleges that the prosecutor knowingly presented false evidence to the Court. *See Burns v. Reed,* 500 U.S. 478 (1991) (applying immunity where prosecutor presented false statements in the probable cause affidavit). Further, even if Clayton was not immune, a claim for malicious prosecution is only viable where the underlying criminal action

3

terminated in the plaintiff's favor. *See Wilkins v. DeReyes,* 528 F.3d 790, 799 (10th Cir. 2008). Because Plaintiff pled guilty in his underlying case, he cannot claim Clayton is responsible for any wrongful conviction. The claims against Clayton therefore fail.

Nor is the last Defendant, Arthur Bustos, subject to liability in this case. As noted above, a plaintiff can only recover in a Section 1983 action where the defendant was "acting under color of state law." *McLaughlin*, 215 F.3d at 1172. The Supreme Court has held that public defenders and private defense attorneys do not act under color of state law within the meaning of Section 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 316 (1981); *Anderson v. Kitchen*, 389 F. App'x. 838, 841 (10th Cir. 2010) (applying the rule to private defense counsel).

Finally, even if Plaintiff could successfully sue Defendants, any claim for damages is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* held that the federal court must dismiss any Seciton 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. Plaintiff's request to be compensated for each day of incarceration, based on the wrongful conduct of a judge, prosecutor, or public defender, necessarily attacks the criminal proceedings. *See e.g., Baldwin v. O'Connor*, 466 F. App'x 717, 717 (10th Cir. 2012) (*Heck* barred § 1983 monetary claims "alleging violations of . . . constitutional rights by . . . the deputy district attorney who prosecuted [plaintiff] and the district-court judge who presided in his case"); *Murphy v. Willmore*, 752 F. App'x 653, 656 (10th Cir. 2018) (same).

For these reasons, the complaint fails to state a claim upon which relief can be granted. The Court will dismiss the Complaint pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii).

**Amendment Would be Futile**

Having determined that the Complaint must be dismissed, the Court will *sua sponte*

4

consider whether to allow Plaintiff to amend the pleading. *See Hall*, 935 F.2d at 1110. *Pro se* plaintiffs should normally be given an opportunity to remedy defects in their pleadings. *Id.* However, courts do not typically order an amendment when any amended claims would also be subject to immediate dismissal under Rule 12(b)(6) or Section 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Here, amending the complaint would be futile for two reasons. First, as a matter of law, Plaintiff cannot recover money damages from the parties responsible for his prosecution and incarceration. Second, the Court cannot grant the other requested relief (*i.e.,* charging the Defendants with fraud or vacating the state criminal conviction) in this action. Prosecutors make charging decisions, and courts are not involved. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Moreover, challenges to a state conviction and sentence must be brought as a 28 U.S.C. Section 2254 habeas proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The Court therefore declines to *sua sponte* order an amendment and will dismiss the Complaint with prejudice.

**The Filing Fee Has Been Paid In Full**

By an Order entered April 9, 2018, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* (Docs. 3, 4). Plaintiff was directed make installment payments equal to about $32 until the $350 filing fee is paid in full. For clarity, the Court notifies Plaintiff that he completed his payment obligations on April 8, 2019, and that no further partial filing fees are due.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and the Court will enter a separate judgment consistent with this ruling.

_____
UNITED STATES DISTRICT JUDGE